*20
 
 Ruffin, C. J.
 

 The Court agrees with his Honor, that, according to the contract as appearing on paper, there is a substantial variance from those stated in the declaration. Although it be not requisite in a declaration, as it is in a plea, to describe the usurious contract specially, but it may be done generally, inasmuch as the action is given to a stranger, who may not be able to ascertain all the particulars, 1 Saund. 295, note; yet the precedents and authorities shew, that the declaration must be precise and accurate in the statements of the sum lent and forborne, the time of forbearance, and the excess of interest; because those three points are indispensable to enable the Court to see, on the record, that the interest received according to the sum lent and time, was at a rate forbidden by law. And those points must be stated according to the fact; for, as Loud Kenyon said in
 
 Rex
 
 v.
 
 Gillham,
 
 6 T. R. 285, they must be proved as laid.
 

 That being so, the Court holds that there was error in refusing the instructions the defendant asked. The first count alleges the loan to have been oii the 21st of April, 1343, “ for twelve calendar months next ensuingwhich would end on the 20th day of April, 1844; and it subsequently alleges that, on the 20th of April, 1844, the defendant received, under that corrupt bargain, the principal sum so lent and the farther sum of $25 for the forbearance of the sum of $175
 
 “
 
 from the 21st day of April, 1843, until and upon the said 20th day of April, 1844.” Now the day of payment agreed on, as appearing in the written instruments, is not the 20th but the 21st day of April, 1844; and consequently the sum of $25 was agreed to be paid, and was paid, not for the forbearance for 12 months or until and upon the 20th day of April, 1844, but for thfe forbearance until and upon the day following.
 

 * In this respect the second count, though not descending to as many particulars of the contract, stands upon the same ground with the first. It, however, states the three essential matters before spoken of, namely, the sum for
 
 *21
 
 borne, $175; the excessive interest, $25; and the time of forbearance, that is to say, “ from the said day. of lending and advancing the samé as afore said, until and upon the said 20th day of April, 1844.” This count does not allege any usurious contract originally, but it alleges merely, that the defendant lent Kirby $175 on the 21st of April, 1843, and, the principal not being paid, nor even due, as far as appears in the count, the defendant received, on the 20th of April, 1844, the sum of $25 by way of usurious interest for the forbearance of the principal money, “ until and upon the said 20th day of April, 1844.” Now, clearly, that is not true. For, although the $25 was paid on that day, it could not have been paid as for the interest up to that day only, but it was as and for the interest that would accrue until and upon the next day; since the de-feasance allows the borrower to pay the money on the 21st of April, 1844. If Ferguson were to sue Kirby for the debt now, he could certainly not recover interest on $175 from the 20th of April, 1844, but only from the 21st of that month ; which shews that the count is inaccurate in lading that the $25 was received
 
 “for
 
 the forbearance
 
 until
 
 and
 
 upon the 20th
 
 of April, 1844,” inasmuch as, though paid on the 20th, it was
 
 for
 
 forbearance
 
 until and upon the
 
 21
 
 st
 
 of April, 1844.
 

 The attempt to turn the point into a question of credit cannot be sustained. In the treaty, the terms may have been used, which were used by the witness on the trial, ' But all that was put an end to by the reduction of the contract rto writing. There is no pretence, that the parties falsified their contract, when they put it on paper, as a device to evade the statute of usury; or that Kirby did not know the contents of the written instruments, and accepted the bond under a misrepresentation of its contents. On the contrary, he was produced as a witness, not for the purpose of proving the agreement to have been different in its terms from what it appeared in the writing, but to prove the contents of the written instru-
 
 *22
 
 jnent, as itself constituting the agreement. He could not have been examined at all to that point, if he had not first stated that he had surrendered the bond to the defendant, and if the plainiiif had not given the defendant notice to produce it. His evidence, therefore, was not competent, except as secondary evidence of the contract, under those circumstances. Now, when the writing itself was produced, its identity not being questioned, it proved its own contents, and, consequently, put that part of Kirby’s testimony out of the case, instead *of raising the point of the superior credit of the instrument or the witness. As a question of evidence, it is clear the writing, when produced, became the only competent evidence, under the circumstances stated.
 

 Per Cubjam. Judgment reversed and
 
 venire de
 
 novo,